IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-198-2-BR
No. 5:16-CV-452-BR

| | |
|---|---|
| KEITH MASON, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>      Respondent. ) | <u>ORDER</u> |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion. (DE # 78.)

In 2011, petitioner pled guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 ("Count One") and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) ("Count Five"). The court sentenced petitioner to a total term of 228 months imprisonment. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. (DE # 49.) The Supreme Court denied a petition for a writ of certiorari. <u>Mason v. United States</u>, 568 U.S. 1204 (2013) (mem.).

In 2014, petitioner filed his first § 2255 motion, (DE # 56), which the court dismissed on initial review, (DE # 58). Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed the appeal. (DE # 64.)

In 2016, after obtaining the Fourth Circuit Court of Appeals' authorization and with the assistance of court-appointed counsel, petitioner filed this § 2255 motion. Petitioner challenges his conviction on Count Five. Specifically, he claims that "[i]n light of . . . <u>Johnson v. United States</u>, 125 S. Ct. 2551 (2015), conspiracy to commit a Hobbs Act robbery no longer qualifies as a 'crime of violence' within the meaning of Section 924(c) and, therefore, may not serve as a predicate for that offense." (Mot., DE # 78, at 4.) He requests that the court vacate his

conviction on Count Five.  (Id. at 4, 12.)

On the government's unopposed motion, the court placed this proceeding in abeyance pending the decisions in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019).  After those decisions issued, the court directed the parties to file supplemental briefs regarding the § 2255 motion.  (8/27/19 Text Order.)

In its supplemental brief, the government argues because petitioner's conviction on Count Five was predicated on a "crime of violence"—the Hobbs Act *robbery* charged in Count Four, and not the Hobbs Act *conspiracy* charged in Count One, the conviction on Count Five is valid and petitioner's § 2255 motion should be dismissed.  (DE # 98, at 2-3.)  Petitioner moves to extend the time to file his supplemental brief.  (DE # 96.)

A "crime of violence" for purposes of § 924(c) is defined as

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The Supreme Court recently held that the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague.  United States v. Davis, 139 S. Ct. 2319, 2336 (2019). However, "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[(3)(A)]."  United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted).  Therefore, because Hobbs Act robbery, which served as the predicate offense for petitioner's conviction on Count Five, remains a crime of violence under § 924(c), petitioner is not entitled to relief under § 2255.  Further briefing from petitioner on this issue is

2

unnecessary.

Petitioner's motion for an extension of time is DENIED. The § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED. The Clerk is DIRECTED to terminate petitioner's 23 June 2016 *pro se* motion requesting authorization to file a second § 2255 motion, (DE # 82), because the Fourth Circuit Court of Appeals previously authorized the filing of his § 2255 motion.

This 11 September 2019.

                                                                        W. Earl Britt
                                                                        Senior U.S. District Judge