IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-198-2-BR

UNITED STATES OF AMERICA

v.

KEITH MASON

ORDER

This matter is before the court on defendant's motion for compassionate release. (DE # 133.)

In 2011, defendant pled guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced him to a total term of 228 months imprisonment. Defendant appealed, and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part. (DE # 49.)

By letter filed in September 2020, defendant requested compassionate release. (DE # 126.) Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of such a motion. Appointed counsel filed the instant motion with supporting documents. (DE ## 133-1, 134.) The government filed a response in opposition, (DE # 136), to which defendant filed a reply, (DE # 137.) Later, in response to the court's order, the government filed defendant's sentence computation data and inmate discipline data. (DE # 142.)

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute. United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

2

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

Initially, the parties dispute whether defendant has exhausted his administrative remedies. In his September 2020 letter, defendant claims that he submitted a compassionate release request to the Warden and "received no follow up." (DE # 126, at 1; see also DE # 133, at 1-2; Ex. B., DE # 133-1 (counsel's follow up request indicating defendant had not received a response from the Warden).) The government suggests that defendant should have done more, and therefore, the court should find he has not satisfied § 3582(c)(1)(A)'s exhaustion requirement. (See DE # 136, at 4 ("The defendant makes no mention of further attempts to seek release, provide justification for said requests, or any exercise additional attempts to be released within the B.O.P. policies.").) The court disagrees. Defendant made his initial request prior to September 2020. Appointed counsel filed the instant motion more 30 days later and the Warden had not responded. The court concludes defendant has exhausted his administrative remedies. See United States v. Kibble, __ F.3d __, No. 20-7009, 2021 WL 1216543, at *3 n.2 (4th Cir. Apr. 1, 2001) ("To satisfy § 3582(c)(1)(A)'s exhaustion requirement, incarcerated persons must first ask the BOP to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request, whichever comes first." (citing 18 U.S.C. § 3582(c)(1)(A)). Therefore, the court will consider the merits of defendant's motion.

Defendant requests that the court grant him compassionate release based on an underlying health issue which increases his risk of severe illness from COVID-19. (DE # 133, at 6.) Defendant further argues that a reduction in his sentence is warranted because of his age at the time he committed the instant offenses, lack of criminal history, his length of time in custody,

his productive use of time in custody, and his plans upon release. (Id. at 7-8.) In opposition, the government argues defendant has failed to show extraordinary and compelling reasons warrant reducing his sentence. (DE # 136, at 7-8.) It further argues defendant's motion should be denied because the § 3553(a) factors weigh against releasing defendant. (Id. at 8-9.)

"[I]n considering whether extraordinary and compelling reasons for a sentence reduction exist in light of COVID-19, [district courts] have considered the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility." United States v. Kibble, Criminal Action No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020) (citing United States v. Brady, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (collecting cases)), aff'd, No. 20-7009, 2021 WL 1216543 (4th Cir. Apr. 1, 2021). The Centers for Disease Control and Prevention's list of risk factors for COVID-19 complications also informs the court's evaluation. Everett v. United States, No. 4:16cr35, 2020 WL 5793428, at *3 (E.D. Va. Sept. 25, 2020).

Defendant is 27 years old and has asthma for which he is prescribed an inhaler. (Ex. A, DE # 134.) Defendant's medical records suggest his asthma may not be well controlled, and therefore, the court assumes it is moderate to severe, which can make it more likely for defendant to get severely ill from COVID-19, see Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 1, 2021). According to the most recent data from the BOP, at USP Big Sandy,[2] where defendant is incarcerated, 4 inmates and 5 staff are positive for COVID-19. Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Apr. 5, 2021). Although the institution experienced an outbreak last year, the infection rate has

---

[2] At the time of briefing, defendant was incarcerated at FCI Gilmer. Apparently, after his most recent conviction, discussed below, defendant was transferred to USP Big Sandy.

decreased.  See United States v. Grace, Crim. No. 16-181, 2021 WL 195272, at *3 (W.D. Pa. Jan. 20, 2021) ("While the Court recognizes there was an outbreak of cases at UPS [sic] Big Sandy, . . . the BOP reports that there is currently no positive case among the inmate population; 75 inmates have recovered; and no deaths occurred at the facility." (citation omitted)); Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (131 inmates and 103 staff have recovered from COVID-19) (last visited Apr. 5, 2021).  Given defendant's age, health, and the conditions at USP Big Sandy, the court concludes defendant has failed to show extraordinary and compelling reasons warrant a reduction in his sentence.

Additionally, the court concludes the § 3553(a) factors do not support reducing defendant's sentence.  Three years before committing the instant offenses, defendant had been adjudged delinquent of two misdemeanors.  (PSR, DE # 22, ¶ 20.)  He committed the instant offenses just after turning 17 years old.  (Id. at 2-3.)  Nonetheless, the instant offenses were serious and violent, arising out of the robberies of two convenience stores.  During one robbery, one of defendant's co-conspirators shot the cashier twice.  (Revised PSR, DE # 27, ¶ 10.)  During the other, defendant pointed a firearm at a customer and shot the cashier.  (Id. ¶ 12.)  While fleeing, a co-conspirator fired three to four shots towards another store employee.  (Id.)

Defendant has served more than 10 years of his sentence for the instant offenses.  During that time, he has taken educational courses and completed work towards obtaining his GED.  (Mem., DE # 133, at 7.)  Despite these accomplishments while incarcerated, defendant has committed 17 prohibited acts, including one about a year ago.  (See Resp., Ex. 2, DE # 142-2.)  The BOP classifies most of these acts of greatest or high severity.  See Federal Bureau of Prisons Program Statement 5270.09, Inmate Discipline Program, Table 1 (Aug. 1, 2011).  More significantly, in September 2020, defendant pled guilty to assault of a federal correctional officer

5

involving physical contact and was sentenced to 15 months imprisonment to be served consecutively to his instant sentence. United States v. Mason, No. 1:20CR30-1 (N.D.W. Va.). (See also Resp., Ex. 1, DE # 142-1, at 2.) As a result, the BOP has aggregated defendant's sentences, and his projected release date is now 6 January 2029. (See Resp., Ex. 1, DE # 142-1, at 3.)

Given the nature and circumstances of the instant offenses, defendant's post-sentencing conduct, and the amount of time defendant has served, the court concludes reducing defendant's term of imprisonment to time served would not reflect the seriousness of the offenses, provide just punishment, or deter crime. Defendant's motion is DENIED.

This 7 April 2021.

_____
W. Earl Britt
Senior U.S. District Judge