IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-198-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KEITH MASON, | ) | |
| | ) | |
| Defendant. | ) | |

On January 8 and April 29, 2025, Keith Mason ("Mason" or "defendant") moved pro se

for appointment of counsel and for a sentence reduction under the First Step Act ("First Step Act"),

Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C.

§ 3582) [D.E. 192, 193]. On August 20, 2025, the case was reassigned to the undersigned

[D.E. 195]. On February 9, 2026, Mason again moved for a sentence reduction [D.E. 203]. On

March 2, 2026, the United States responded in opposition [D.E. 208]. On March 3, 2026, the court

received two character letters supporting a section reduction [D.E. 209, 210]. In light of the record,

Rutherford v. United States, 146 S. Ct. 1320 (2026), and Fernandez v. United States, 146 S. Ct.

1292 (2026), the court denies Mason's motions for appointment of counsel and for a sentence

reduction.

I.

On August 25, 2010, Mason as a 17-year-old conspired to commit acts of violence in the

Raleigh, North Carolina, area with members of the East Coast Blood street gang. See Presentence

Investigation Report ("PSR" [D.E. 27] ¶¶ 9–16. At 7:45 p.m., while driving with his associates,

Mason fired three to four gunshots into a crowd, hitting an 18-year-old twice and causing injuries

which required emergency medical treatment. See id. ¶ 17. At 8:45 p.m., Mason and his

associates traveled to a gas station, where the associates entered wearing face coverings, brandished firearms, pointed a firearm at the 18-year-old cashier, stole packs of cigarettes and $600 in cash, and shot the cashier twice before fleeing. See id. ¶¶ 10–11. At 9:05 p.m., Mason and his associates traveled to a second gas station, where Mason and an accomplice entered with firearms. See id. ¶ 12. Mason approached a female customer, pointed his firearm at her, and profanely demanded all her money. See id. She told Mason her child was outside and pleaded for her life. See id. Meanwhile, Mason's accomplice pointed a firearm at the 62-year-old cashier's head and demanded money. See id. During a struggle for the accomplice's firearm, Mason shot the cashier in the neck with a bullet that then entered his accomplice's chest. See id. Before fleeing, Mason stole $99 in cash from the counter. See id. Mason and his associates stopped at a hospital for his accomplice's gunshot wound, where law enforcement questioned and arrested Mason. See id. ¶ 14.

On July 5, 2011, a federal grand jury in the Eastern District of North Carolina indicted Mason and a coconspirator. See [D.E. 1]. On September 6, 2011, with a plea agreement, Mason pleaded guilty to conspiracy to interfere with commerce by robbery (count one) and use of a firearm in furtherance of a crime of violence and aiding and abetting (count five). See [D.E. 16, 19, 20, 38]. On December 6, 2011, United Stated District Judge W. Earl Britt held Mason's sentencing hearing. See [D.E. 25]. After resolving objections to the PSR, including about Mason's status as a juvenile during the offense conduct, Judge Britt calculated Mason's total offense level to be 31, his criminal history category to be I, and the advisory guideline range on count one to be 108 to 135 months' imprisonment and on count five to be 60 months' consecutive imprisonment. See Sent'g Tr. [D.E. 39] 1–8. After considering the relevant section 3553(a) factors, including Mason's "age[,] the crime itself, the affect on the victims, the affect on society,

2

ever[y] aspect of the crime, the crime spree," that the crime spree was "absolutely awful, and something that this society cannot tolerate," Judge Britt sentenced Mason to 108 months' imprisonment on count one and 120 months' consecutive imprisonment on count five, for a total of 228 months' imprisonment. Id. at 15; see id. at 8–15.

Mason appealed. On October 22, 2012, the United States Court of Appeals for the Fourth Circuit affirmed the district court transferring Mason to adult prosecution, affirmed Mason's conviction, and dismissed the remainder of the appeal due to the appellate waiver in his plea agreement. See [D.E. 49, 50].

On March 3, 2014, Mason moved to vacate his conviction under 28 U.S.C. § 2255. See [D.E. 56]. On March 13, 2014, Judge Britt dismissed Mason's motion to vacate. See [D.E. 58]. Mason appealed, which the Fourth Circuit dismissed. See [D.E. 64, 65]. On June 20 and June 23, 2016, Mason again moved to vacate his conviction under 28 U.S.C. § 2255. See [D.E. 78, 82]. On September 11, 2019, Judge Britt dismissed Mason's motions. See [D.E. 101].

On September 1 and October 11, 2020, Mason moved for a sentence reduction under 18 U.S.C. § 3582. See [D.E. 126, 133]. On June 6, 2022, Mason renewed his motion for a sentence reduction. See [D.E. 151]. On August 2, 2024, Mason moved for a sentence reduction under Amendment 821. See [D.E. 170]. The court denied each motion. See [D.E. 143, 172, 188].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v.

3

Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford, 146 S. Ct. 1320. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are

4

those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez, 146 S. Ct. at 1307. "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

The court assumes without deciding that Mason exhausted administrative remedies. Mason argues that his adverse childhood experiences, cognitive limitations, and Amendment 829

5

regarding a defendant's age warrant a sentence reduction. See [D.E. 192] 5–8; [D.E. 193] 5–7; [D.E. 203] 3–6. Mason also notes that he has participated in educational courses and filed a release plan. See [D.E. 203-2, 203-3].

Mason cites nothing in U.S.S.G. § 1B1.13(b) or any applicable retroactive change to a guideline or his statutes of conviction. In Rutherford, the Supreme Court held that before examining the section 3553(a) factors concerning a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Mason fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. As for his age and adverse childhood experiences, these are not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i) or U.S.S.G. § 1B1.13(b), Mason's counsel raised the same arguments at his sentencing, and Mason cannot use 18 U.S.C. § 3582(c)(1)(A)(i) as an "open-ended invitation" to "relitigate and reweigh the § 3553(a) factors based on facts that existed at sentencing." United States v. Hunter, 12 F.4th 555, 569 (6th Cir. 2021); see Rutherford, 146 S. Ct. at 1330; Fernandez, 146 S. Ct. at 1302–07. Moreover, to the extent Mason relies on rehabilitation, Mason's rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

6

Mason has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); see Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Mason's motions for a sentence reduction.

Alternatively, even if Mason demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Mason's motions. See Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. The court has considered the entire record, the section 3553(a) factors, Mason's arguments, and the government's persuasive response. The court also has considered the need to punish Mason for his appalling criminal behavior, to incapacitate Mason, to promote respect for the law, to deter others, and to protect society from Mason. Given the entire record, the court denies Mason's motions for a sentence reduction. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

## III.

In sum, the court DENIES defendant's motions for appointment of counsel and for a sentence reduction [D.E. 192, 193, 203].

SO ORDERED. This _29_ day of June, 2026.


JAMES C. DEVER III
United States District Judge